# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Respondent, | Case No. 1:05-CR-113 |
| v. | Judge Dan Aaron Polster |
| JASON A. BRICKER, | **OPINION & ORDER** |
| Defendant-Petitioner. | |

Before the Court is Defendant Jason A. Bricker's Motion to Vacate under 28 U.S.C. § 2255 ("Motion"), **Doc #: 158**. For the following reasons, Bricker's Motion is **DENIED**.

## I. Background

On February 7, 2006, Bricker pled guilty, pursuant to a Plea Agreement, to one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113 (a) and (d); one count of carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Doc #: 55. On March 8, 2006, he was sentenced to 294 months imprisonment, 84 of which resulted from § 924(c) count; 5 years supervised release; and a special assessment of $400.00. Doc #: 65; Plea Agreement ¶ 2A.

Bricker initially filed a counseled § 2255 motion on October 5, 2015. Doc #: 139. This motion argued *Johnson v. United States*, 135 S. Ct. 2551 (2015) rendered Bricker's career offender designation unconstitutional. Doc #: 139. This motion was voluntarily dismissed after *Beckles v. United States*, 137 S. Ct. 886 (2017), when it became clear Bricker would not succeed on the

merits. Doc #: 158-1 at 4. Bricker filed the instant Motion challenging his 84 month § 924 sentence on January 6, 2020. Doc #: 158.

**II. Legal Standard**

Under 28 U.S.C. § 2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in his conviction and / or sentencing "'which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'" *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id.* Having reviewed the records and transcripts relating to the judgment under attack, the Court finds that Petitioner's arguments are without merit. Since it plainly appears from the petition and the prior proceedings in this case that Petitioner is not entitled to relief under 28 U.S.C. § 2255, the petition is summarily dismissed under Rule 4(b).

## III. Discussion

Defendant Bricker asserts that his sentence regarding § 924(c) should be vacated because it was rendered unconstitutional by *United States v. Davis,* 139 S. Ct. 2319 (2019). Before reaching the merits of this argument, the Court must consider the timeliness of this Motion and whether this Motion constitutes a second or successive § 2255 motion. After discussing these preliminary matters, the Court concludes Bricker's substantive argument contains no merit because at least one of the underlying crimes, armed bank robbery, contains violence as an element of the offense and is therefore considered a "crime of violence" even after *Davis*.

### A. Timeliness of the Motion

A motion under 28 U.S.C. § 2255 must be brought within one year of certain triggering events. 28 U.S.C. § 2255(f)(1)-(4). A § 2255 motion may be brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(2). Here, Bricker's January 6, 2020 § 2255 Motion asserts a violation of a constitutional right established in *Davis*, decided on June 24, 2019. Bricker filed his Motion within one year of a newly recognized right established by the Supreme Court.

In order to be timely, *Davis* must also apply retroactively. The Sixth Circuit has not yet determined whether *Davis* applies retroactively. Other circuits, however, have determined that *Davis* applies retroactively. *See e.g., In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). This Court follows the precedent of our sister circuits in finding that *Davis* applies retroactively. Therefore, the instant Motion was timely filed.

**B. Second or Successive § 2255 Motion**

As mentioned above, Bricker previously filed a § 2255 motion. Second or successive § 2255 motions are permitted only in very limited circumstances. The first step to determine whether the instant motion is permissible is to determine whether the chronologically first motion renders the instant motion second or successive. Bricker argues that as his previous § 2255 motion was dismissed without prejudice, the instant motion should not be considered second or successive. Doc #: 158-1 at 4. Generally, a chronologically first motion does not render future motions second or successive if it was dismissed without prejudice before reaching the merits of the case or a substantive review. *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014).

However, a motion dismissed without prejudice renders subsequent motions second or successive when the petitioner was represented by counsel and it became clear that the initial motion would not succeed on the merits. *In re Moore*, 735 F. App'x 883, 885 (6th Cir. 2018). Here, Bricker's previous § 2255 motion was made with representation by counsel. Doc #: 158-1 at 4. Additionally, Bricker's previous § 2255 was only dismissed subsequent to this court issuing a show cause order after *Beckles* rendered the initial § 2255 motion invalid on the merits. Doc #: 158-1 at 1-2. Thus, the initial motion was only dismissed once it became clear it would fail on the merits. Therefore, the instant motion is considered second or successive and is only permissible in a narrow range of circumstances.

A second or successive motion may only be considered when it is based on newly discovered evidence indicating the petitioner's innocence or when it is based on a retroactively applicable newly established constitutional right announced by the Supreme Court. 28 U.S.C. §§ 2255(h)(1) and (2). As this Court has already decided, *Davis* applies retroactively. Therefore, the merits of the instant Motion may be reviewed.

**C. Merits of Bricker's Arguments**

Bricker's arguments fail on the merits because Bricker's § 924(c) conviction remains undisturbed by *Davis*. Under 18 U.S.C. § 924(c), defendants face an additional sentence for the use of a firearm in a "crime of violence." Prior to *Davis*, a "crime of violence" was defined two distinct ways. First, the "elements" clause defines a "crime of violence" as a crime in which violence is an element of the offense. 18 U.S.C. § 924(c)(3)(A). A "crime of violence" was also defined as a crime that, by its nature, involves a substantial risk of use of physical force. 18 U.S.C. § 924(c)(3)(B). In *Davis*, the Court invalidated § 924(c)(3)(B) as unconstitutionally vague. 139 S. Ct. 2319, 2336. Therefore, for purposes of § 924(c), the sole definition of a "crime of violence" after *Davis* is a crime in which violence is an element of the offense.

Bricker's § 924(c) conviction remains undisturbed by *Davis* because at least one of the predicate crimes, armed bank robbery, falls into the "elements" clause. Count 3, to which Bricker pled guilty, provides that Bricker carried and brandished a gun during and in relation to two crimes of violence: conspiracy to commit bank robbery and armed bank robbery. Doc #: 22 at 4. *Davis* may indeed apply to conspiracy, because violence is not an element of the offense. *Davis* does not, however, apply to armed bank robbery. Armed bank robbery is defined by 18 U.S.C. § 2113. Section 2113(a) provides "whoever, *by force or violence*, or by intimidation, takes or attempts to take…" (emphasis added).

Bricker concedes that the above statutory language constitutes a crime of violence. Doc #: 158-1 at 5. He contends, however, that bank robbery under 18 U.S.C. § 2113(a) may also be committed non-violently. *Id.* at 5-6. He argues that the non-violent and violent portions of § 2113(a) are indivisible and therefore the entire statute must be read to be excluded from the elements clause of § 924(c). Doc #: 158 at 5-6. This argument is without merit. The Sixth Circuit

5

has held that § 2113(a) contains divisible sets of elements, some of which constitute a crime of violence and some that do not. *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016). Here, per the factual basis portion of the plea agreement, Bricker admitted to carrying and brandishing a firearm during the commission of the bank robbery, placing his crime squarely within the crime of violence portion of § 2113(a). Doc #: 55 at ¶ 6. Additionally, the Sixth Circuit has held that armed bank robbery qualifies as a crime of violence under § 924(c)(3)(A). *United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018). Therefore, because violence is an element of at least one of the predicate crimes contained in the § 924(c) count, armed bank robbery, and § 2113(a) is a divisible statute, *Davis* does not apply and the § 924(c) conviction remains undisturbed.

**IV. Conclusion**

For the reasons discussed above, Bricker's Motion to Vacate under 28 U.S.C. 2255, **Doc #: 158**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster January 22, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**