**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | **CASE NO: 1:05 CR 113** |
| | ) | |
| v. | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **JASON A BRICKER,** | ) | |
| | ) | |
| **Defendant.** | ) | **OPINION AND ORDER** |
| | ) | |

Before the Court is Defendant Jason A. Bricker's Motion for Reduction in Sentence and Further Home Confinement (ECF Doc. 165) and his Supplemental Motion for Compassionate Release. ECF Doc. 170. For the following reasons, Bricker's Motions are **DENIED**.

**I.    Background**

On February 7, 2006, Bricker pleaded guilty to conspiracy to commit armed bank robbery, armed bank robbery, brandishing a firearm during and in relation to a crime of violence, and felon in possession of a firearm. ECF Doc. 55 at 2. Bricker admitted that he entered a bank wearing a ski mask and demanded money while pointing a loaded revolver at the tellers. ECF Doc. 55 at 4. As part of his plea agreement, Bricker waived his right to direct appeal and collateral attack of all issues except prosecutorial misconduct and ineffective assistance. ECF Doc. 55 at 5. He also stipulated that he was a career offender, pursuant to U.S.S. G. § 4B1.1, and acknowledged that his sentence for brandishing a firearm during the commission of a crime of violence carried a mandatory consecutive sentence of seven years. ECF Doc. 55 at 2. The Court sentenced him to 294 months in the custody of the Bureau of Prisons. ECF Doc. 66 at 3. Bricker is currently being

1

held at United States Penitentiary Leavenworth ("USP Leavenworth") and has an expected release date of April 3, 2026.[1]

Bricker first filed his Motion for Reduction in Sentence on September 14, 2020. ECF Doc. 165. The Court appointed a Federal Public Defender who, on December 16, 2020, filed a Supplemental Motion for Compassionate Release. ECF Doc. 170. The United States of America filed a response in opposition on December 23, 2020 (ECF Doc. 171), and Bricker filed a reply. ECF Doc. 172.

## II. Discussion

### A. Exhaustion

The statute which authorizes compassionate release, 18 U.S.C. § 3582(c)(1), requires that a defendant first ask the Bureau of Prisons ("BOP") to bring a motion for compassionate release on his or her behalf. 18 U.S.C. § 3582(c)(1). A defendant may then file a motion for compassionate release with a court after:

> [T]he defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

Here, Bricker satisfied the exhaustion requirement. He submitted a request for sentence reduction to Warden Hudson, which was denied on May 11, 2020. ECF Doc. 165-1 at 6. He then filed an administrative appeal, which was also denied on June 29, 2020. ECF Doc. 165-1 at 3. And, he waited more than 30 days before filing his motion for reduction in sentence with this Court.

---

[1] Federal Bureau of Prisons Inmate Search as of January 4, 2021.

**B. Merits**

Under § 3582(c)(1)(A)(i), to grant a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community, and (3) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

Bricker has identified an "extraordinary and compelling reason for sentence reduction pursuant to § 3582(c)(1(A) – his obesity. The Centers for Disease Control and Prevention ("CDC") has identified two categories of medical risk factors affecting the likelihood of severe outcomes from COVID-19. Obesity is in the first category of "definite" conditions that substantially diminish the ability of the defendant to provide self-care within the environment of the correctional facilities. The government acknowledges that Bricker is obese and that he has identified an "extraordinary and compelling reason" for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF Doc. 171 at 13.

However, even if Bricker's obesity constitutes an extraordinary and compelling reason for a sentence modification, reducing his sentence would be inappropriate under the sentencing factors of 18 U.S.C. § 3553(a). The Court already considers these factors when sentencing a defendant. Upon a motion for compassionate release, the court considers again whether the § 3553(a) factors should be weighed differently based on a change in circumstances. Under § 3553(a), there are seven factors the Court must consider: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kind of sentences available; 4) the kinds of sentence and the sentencing range; 5) any pertinent policy statement; 6) the need to avoid unwarranted sentence disparities among defendants with similar

records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. 18 U.S.C.S. § 3553.

Generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of his or her sentence remaining. *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at 10. Here, Bricker has more than five years remaining on a sentence imposed for a very serious crime. He brandished a firearm while committing a violent crime, and it was not his first offense. Contrary to Bricker's reply argument, the fact that he would no longer be considered a career offender does not outweigh the other §3553(a) factors. Because the § 3553(a) factors do not support granting compassionate release, his motions are DENIED.

### III. Conclusion

For the above reasons, Bricker's Motion for Reduction in Sentence (ECF Doc. 165) and his Supplemental Motion for Compassionate Release (ECF Doc. 170) are hereby **DENIED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**