**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | CASE NO: 1:05 CR 113 |
| ) | |
| v. ) | Judge Dan Aaron Polster |
| ) | |
| **JASON A BRICKER,** ) | |
| ) | |
| Defendant. ) | **OPINION AND ORDER** |
| ) | |

**I.     Introduction**

Before the Court is Defendant Jason A. Bricker's Motion for Relief under 18 U.S.C. § 3582. ECF Doc. 193. This Court has previously denied multiple motions for reduction of Mr. Bricker's sentence and/or compassionate release. *See, e.g.,* ECF Docs. 173, 181. However, since his last filing, the Sentencing Commission regained its quorum and issued, among other provisions, § 1B1.13(b)(6), which explains that a nonretroactive change in the law creating a gross disparity between a defendant's sentence (of which he has served at least 10 years) and the sentence likely to be imposed at the time the motion is filed, may be considered an "extraordinary and compelling reason" for purposes of early release.

Mr. Bricker has served 18 years of a 294 month sentence. If Mr. Bricker had been sentenced today, his sentencing guideline range would be between 70-87 months. ECF Doc. 199. The Court finds that the gross disparity between the current sentencing range and Mr. Bricker's sentence constitutes an extraordinary and compelling reason supporting his early

1

release. As is further explained below, the Court GRANTS Mr. Bricker's motion for relief under 18 U.S.C. § 3582 and orders Mr. Bricker to be released within 10 days of this order.

## II. Background

On February 7, 2006, Bricker pleaded guilty to conspiracy to commit aggravated robbery, aggravated robbery, brandishing a firearm during and in relation to a crime of violence, and felon in possession of a firearm. ECF Doc. 55 at 2. Bricker admitted that he entered a bank wearing a ski mask and demanded money while pointing a loaded revolver at the tellers. ECF Doc. 55 at 4. As part of his plea agreement, Bricker waived his right to direct appeal and collateral attack of all issues except prosecutorial misconduct and ineffective assistance. ECF Doc. 55 at 5. He also stipulated that he was a career offender, pursuant to U.S.S. G. § 4B1.1, and acknowledged that his sentence for brandishing a firearm during the commission of a crime of violence carried a mandatory consecutive sentence of seven years. ECF Doc. 55 at 2.

At sentencing, the government and defendant agreed that, prior to receiving two levels for acceptance of responsibility, defendant's sentencing range was level 34 Criminal History Category VI. After accepting responsibility, the low end of his sentencing range was 210 months plus a mandatory 84 month consecutive term for the §924 count. ECF Doc. 55 at 3. On March 8, 2006, the Court sentenced Bricker to 294 months imprisonment and 5 years supervised release with a special assessment of $400.00. ECF Doc. 66 at 3. Bricker is currently being held at United States Penitentiary Leavenworth ("USP Leavenworth") and has an expected release date of April 3, 2026.[1]

---

[1] Federal Bureau of Prisons Inmate Search as of March 1, 2024.

### III. Discussion

#### A. Exhaustion

The statute which authorizes compassionate release, 18 U.S.C. § 3582(c)(1), requires that a defendant first ask the Bureau of Prisons ("BOP") to bring a motion for compassionate release on his or her behalf. 18 U.S.C. § 3582(c)(1). A defendant may then file a motion for compassionate release with a court after:

> [T]he defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

As indicated above, Bricker has filed multiple motions for compassionate release. In ruling on prior motions, the Court found that Bricker had exhausted his motion, and the Government does not argue that exhaustion is an issue precluding consideration of Mr. Bricker's current motion. See ECF Doc. 197.

#### B. Merits

##### 1. Extraordinary and Compelling Reason

To grant a sentence modification pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce the term of imprisonment if it finds extraordinary and compelling reasons warrant a sentence reduction. As an "extraordinary and compelling reason" for sentence reduction, Bricker has identified the disparity between his sentence and the current sentencing range for the same convictions. The Court recognizes that the Sixth Circuit has held that nonretroactive changes in the law are not "extraordinary and compelling circumstances" that can form the basis of a sentence reduction. *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022). However, the

3

*McCall* decision noted that the Sentencing Commission might amend its policy in the future, which it has now done.

The Sentencing Commission regained its quorum and issued, among other provisions, § 1B1.13(b)(6), which explains that an "extraordinary and compelling reason" exists when a nonretroactive change in the law that has created a gross disparity between an unusually long sentence (of which the defendant has served at least 10 years) and the sentence likely to be imposed at the time the motion is filed. The Government has urged this Court to disregard the Sentencing Commission's Guideline and to follow *McCall,* but this Court is not inclined to do so. The Sentencing Commission promulgated § 1B1.13(b)(6) in response to a circuit split of which *McCall* was a part. *United States v. Brown,* 2024 U.S. Dist. LEXIS 18673 at *13-14. Moreover, *McCall* was issued in the absence of an applicable policy statement, and explicitly left open the possibility that a provision such as § 1B1.13(b)(6) could abrogate its holding. *Id.* at *17-18.

The Sentencing Commission's guidance, § 1B1.13(b)(6), is directly applicable to Mr. Bricker's sentence. When he stipulated to a career offender designation and pleaded guilty in 2006, he was sentenced to 294 months in prison. See ECF Doc. 55 and 66. But under current Sixth Circuit precedent, Mr. Bricker's 1995 aggravated robbery conviction and 1996 aggravated burglary convictions would not qualify as crimes of violence for the purposes of Guidelines Section 4B1.2(a). *See* ECF Doc. 199. Thus, Bricker would not be considered a career offender and, without a career offender increase to his criminal history, his criminal history category would be IV, resulting in a guideline range of 70-87 months. *Id.* There is a sixteen-year disparity between Mr. Bricker's sentence in 2006 and the upper end of the sentence he would

4

receive today. The Court finds that this is an extraordinary and compelling reason justifying early release.

### 2. § 3553(a) Factors

The Court has also reconsidered whether the factors 18 U.S.C. § 3553(a) should be weighed differently based on a change in circumstances. Under § 3553(a), there are seven factors the Court must consider: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kind of sentences available; 4) the kinds of sentence and the sentencing range; 5) any pertinent policy statement; 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. 18 U.S.C.S. § 3553.

Having reconsidered the § 3553 factors, the Court finds that the need to avoid sentence disparities coupled with the fact that Mr. Bricker has already served 18 years of his sentence and would be released in approximately two years weigh heavily in his favor. Mr. Bricker did commit serious crimes. However, he is now 47 years old and represents that he has completed numerous programs during his incarceration which have had a positive effect on his character. ECF Doc. 198. Having fully reconsidered the §3553 factors, particularly in light of the Sentencing Commission's guideline § 1B1.13(b)(6), the Court finds that the §3553 factors now weigh in favor of Mr. Bricker's release.

## IV.     Conclusion

For the above reasons, Bricker's Motion for Compassionate Release/Reduction in Sentence (ECF Docs. 193, 194) is hereby **GRANTED.** Mr. Bricker is to be released within 10 days of this Order.

**IT IS SO ORDERED.**

Dated: March 5, 2024                              *s/Dan Aaron Polster*
                                                  United States District Judge